IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| LINDA KAY RICHINS<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA<br><br>Defendant. | ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE OR CORRECT SENTENCE<br><br><br><br>Case No. 2:05-CV-00476 PGC |

Plaintiff Linda Kay Richins brings a motion under 28 U.S.C. § 2255 to correct and reduce her sentence imposed after she violated conditions of her probation.  Because Ms. Richins has failed to show error in the sentence imposed, the court DENIES her motion.

BACKGROUND

On May 27, 2004, Ms. Richins plead guilty to one count of bank fraud under 18 U.S.C. § 1344(a) and one count of bankruptcy fraud under 18 U.S.C. § 157(a).  Although the sentencing guidelines indicated a presumptive range of imprisonment of fifteen to twenty months, the court gave her the benefit of the doubt and departed downward.  The court sentenced Ms. Richins to only thirty-six months probation with a requirement that she serve five months in a halfway

house.  After spending three months and twenty-three days of her five-month sentence in the halfway house, Ms. Richins absconded.  A petition alleging violation of the conditions of release was filed, and the FBI arrested her thirty-eight days later.  Upon arrest, Ms. Richins possessed documents with the names of two individuals, their birth dates, and their social security numbers.

Ms. Richins then appeared before a magistrate judge, was informed of her rights and the penalties and allegations contained in the petition against her, and waived her probable cause hearing.  At a hearing before this court, Ms. Richins admitted to absconding from the corrections center, and the government agreed to dismiss other probation violation allegations against her.  In light of the admitted probation violation and the circumstances surrounding her arrest, the court revoked probation and sentenced Ms. Richins to fifteen months in prison and sixty months probation.

Ms. Richins now contends that this sentence was improperly imposed based on four grounds: first, her counsel rendered ineffective assistance at her probation revocation hearing for failing to present mitigating evidence; second, she should be given credit against her prison sentence for time previously served at the halfway house; third, she absconded because her probation officer unlawfully placed her under duress during her time in the community corrections center; and fourth, the court failed to provide written notice of the evidence relied upon in revoking probation and imposing her sentence.

## DISCUSSION

As to her ineffective assistance of counsel claim, the Supreme Court has held that a

defendant does not posses a constitutional right to counsel at post-conviction hearings.[1] Furthermore, Ms. Richins failed to show that her counsel was ineffective. To do so, she must show that her counsel did not provide reasonably effective assistance and that the deficient performance prejudiced her defense.[2] Her ineffective assistance of counsel claim is based upon her allegation that counsel failed to present mitigating evidence at her probation revocation hearing. Yet she provides no indication that her counsel was aware of any such evidence, nor did she provide that evidence to the court when she was given the opportunity to allocute on her own behalf. As far as the court can divine, it appears that Ms. Richins' "mitigating" evidence was mental stress due to the conditions imposed upon her by her probation officer; to the extent that there was some stress, she had ample opportunity to bring this to the court's and her counsel's attention and failed to do so.

Ms. Richins has also failed to show actual prejudice that resulted from any failure to present her duress claim. Although Ms. Richins claims to have absconded due to duress, she did not turn herself in for more than a month and was found with other persons' identifying information – seemingly for illegitimate reasons. Ms. Richins has made no showing that the court would have imposed a lesser sentence if it had been made aware of the alleged duress and the court now holds that her alleged duress, without any substantiation, would not have altered the court's sentence in any way. Accordingly, her contention of ineffective assistance of counsel at the post-conviction hearing is unpersuasive.

---

[1] *Coleman v. Thompson*, 501 U.S. 722, 752 (1991).

[2] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Ms. Richins' argument that her sentence should be shortened by the length of time served in the community corrections center is equally unpersuasive. The Tenth Circuit has clearly held that time served in such a facility as a condition of probation is not time of imprisonment, but merely a condition of probation, and should not be considered in calculating a prison sentence after probation is revoked.[3]

Regarding Ms. Richins' contention that she only absconded because of duress from her probation officer, the court noted earlier that she failed to alert the court of this alleged fact at her revocation hearing. To obtain collateral relief under a section 2255 motion, Richins must satisfy a two-part test showing 1) "cause" excusing the failure to present something at trial or on direct appeal, and 2) "actual prejudice" resulting from the complained-of errors.[4] Ms. Richins and her counsel both had the chance to tell the court during the revocation hearing why a lighter sentence should be imposed, and neither mentioned this alleged duress. Ms. Richins now alleges that her counsel was denied that opportunity to present the duress claim, but the record does not support that claim. Nor does the record provide any reason for her failure to present the information.

Ms. Richins' final argument – that the court failed to provide written notice of the evidence relied upon in revoking probation and imposing her sentence – is also unpersuasive. The government alleged six violations of her probation, and Ms. Richins and the government came to an agreement that she would admit only one allegation. In order for that discussion to

---

[3] *United States v. Horek*, 137 F.3d 1226, 1229 (10th Cir. 1998); *see also United States v. Iversen*, 90 F.3d 1340 (1996).

[4] *United States v. Frady*, 456 U.S. 152, 167-68 (1982).

occur, Ms. Richins and her counsel were aware of the six allegations. And Ms. Richins was furnished with a copy of the Presentence Report prepared by the probation office for the court, which contained the allegations and evidence supporting the allegations. Additionally, according to the record, Ms. Richins was then asked by the court whether she admitted allegation number six, and she replied in the affirmative. Upon conclusion of that colloquy, the court clearly stated the reasons for the sentence imposed at the probation revocation hearing, specifically mentioning the leniency of the original sentence and the fact that Ms. Richins was found with other persons' personal identifying information of the sort used by her in previous crimes. Ms. Richins fails to show any violation of due process in the notice she received of the reasons for her sentence.

Since Ms. Richins has failed to show that her sentence was incorrect, her motion to correct and reduce her sentence (#1) under 28 U.S.C. § 2255 is DENIED. The Clerk's Office is directed to close the case.

DATED this 28th day of September, 2005.

BY THE COURT:

_____
Paul G. Cassell
United States District Judge